## Case No: 26-1542

*In the*
### United States Court Of Appeals
*For the*
### Sixth Circuit

ROBINHOOD DERIVATIVES, LLC,
Plaintiff-Appellant,

v.

DANA NESSEL, in her official capacity as
Attorney General of Michigan; JIM ANANICH, in
his official capacity as Board Chair of the Michigan
Gaming Control Board; JONI M. THROWER
DAVIS, in her official capacity as Member of the
Michigan Gaming Control Board; ANDREW T.
PALMS, in his official capacity as Member of the
Michigan Gaming Control Board; DEIDRE A.
LAMBERT-BOUNDS, in her official capacity as
Member of the Michigan Gaming Control Board;
MARK EVENSON, in his official capacity as
Member of the Michigan Gaming Control Board;
and HENRY WILLIAMS, in his official capacity as
Executive Director of the Michigan Gaming Control
Board,
Defendants-Appellees.

_____

On Appeal From The United States District Court
For The Western District of Michigan
Honorable Paul L. Maloney
Civil Case No. 1:26-cv-00730

## MOTION TO EXPEDITE AND CONSOLIDATE APPEAL

-1-

MILLER JOHNSON
Andrew Goetz (P71410)
500 Woodward Avenue, Suite 3600
Detroit, MI 48226
goetza@millerjohnson.com
(313) 435-2292

CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (NY 2784817)
Kevin J. Orsini (NY 4261806)
Brittany L. Sukiennik (NY 5025879)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Attorneys for Plaintiff-Appellant*

Pursuant to Sixth Circuit Rule 27(f), Plaintiff-Appellant Robinhood Derivatives, LLC ("Robinhood") hereby moves to expedite this appeal of the denial of Robinhood's motion for preliminary injunction.  Under Sixth Circuit Internal Operating Procedure 28(c) and Sixth Circuit Rules 31(c)(2) and 34(c), an appeal from an order denying a motion for preliminary injunction is automatically subject to an expedited briefing schedule.  Robinhood requests that briefing be further expedited on a timeline such that oral argument may be heard on July 30, 2026, at the same time as the oral arguments will be heard in *KalshiEx LLC v. Schuler*, No. 26-3196 (6th Cir. filed March 11, 2026) ("Kalshi's Ohio Appeal"), and *KalshiEx LLC v. Orgel*, No. 26-5235 (6th Cir. filed March 23, 2026) ("Kalshi's Tennessee Appeal") (collectively, "Kalshi's appeals"), which present substantially similar issues and which this Court has already consolidated.  In so doing, Robinhood also requests that the Court consolidate its appeal with Kalshi's appeals for purposes of oral argument and submission to the same panel.  On June 19, 2026, Plaintiffs informed Defendants-Appellees of their intention to file this motion.  After a follow-up email on June 22, 2026, Defendants indicated that they oppose this motion.

## FACTUAL AND PROCEDURAL HISTORY

In 1974, Congress made a clear and express determination in the Commodity Exchange Act ("CEA") that the Commodity Futures Trading Commission ("CFTC")

shall have "exclusive jurisdiction" over derivatives trading on designated contract markets ("DCMs"). 7 U.S.C. § 2(a)(1)(A). Congress has amended the CEA multiple times since then and has decided each time to retain this exclusive jurisdiction for the CFTC. This express delegation of authority to the CFTC thus preempts any attempts by states to regulate trading on DCMs. The relevant legislative history establishes that this was exactly Congress's intent: the grant of exclusive jurisdiction was designed to "preempt the field" and avoid the chaos that would arise from multiple states applying their own laws to federally regulated exchanges. H.R. Rep. No. 93-1383, at 35-36 (1974) (Conf. Rep.), *reprinted in* 1974 U.S.C.C.A.N. 5894, 5897.

This litigation concerns sports-related event contracts, a specific type of derivative traded on DCMs and regulated by the CFTC. Billions of these contracts have traded after having been listed by exchanges with the CFTC through the procedures Congress set forth in the CEA, and therefore having become effective and legally deemed approved by the CFTC. In knowingly permitting these contracts to be traded on DCMs, the CFTC has concluded that these instruments are within the definition of "swaps" or transactions in commodities for future delivery over which it has exclusive jurisdiction. Unfortunately, in direct contravention of Congressional intent and the express statutory language of the CEA, various states

including Michigan have now created the very chaos Congress sought to avoid by seeking to apply state gaming laws to these federally regulated derivatives markets.

On March 3, 2026, the State of Michigan filed an enforcement action against a federally regulated DCM, KalshiEx, LLC ("Kalshi"), "seeking an order of abatement and permanent injunctive relief as well as costs and fines prescribed by state statutes against KalshiEx LLC" for Kalshi's offering of sports-related event contracts. *Nessel v. KalshiEx LLC*, No. 26-cv-00731, ECF No. 1-1, at 2 (W.D. Mich. Mar. 5, 2026).[1]  The following day, Robinhood filed suit in the Western District of Michigan against Defendants to challenge their enforcement of state gambling laws as applied to the trading of sports-related event contracts.  On March 9, 2026, Robinhood moved for a preliminary injunction on the basis that the CEA preempts state gambling laws as applied to sports-related event contracts traded on DCMs, which was fully briefed on May 19, 2026.  On June 17, 2026, without hearing oral argument, the Honorable Paul L. Maloney denied Robinhood's motion for a preliminary injunction, and this appeal follows.[2]

---

[1] Michigan's case was originally filed in state court. *See Nessel v. KalshiEx LLC*, No. 26-1087-CZ (Mich. 30th Cir. Ct.).  Kalshi removed the action to the Western District of Michigan the same day it was filed.  The above citation refers to the copy of the complaint filed in the removed action.

[2] On the same day, Judge Maloney denied QXC LLC's (d/b/a Polymarket) motion for a preliminary injunction in a parallel action.  *QXC LLC v. Nessel*, No. 26-cv-

Robinhood currently offers event contract trading on three DCMs: Kalshi, ForecastEx, LLC, and Rothera Exchange and Clearing LLC. Kalshi is party to two consolidated appeals pending before this Court arising out of similar lawsuits that it filed in the Southern District of Ohio and the Middle District of Tennessee. In the Middle District of Tennessee action, the district court granted Kalshi's motion for a preliminary injunction and held that "Kalshi is likely to succeed on the merits because sports-related event contracts are 'swaps' and conflict preemption applies." *Kalshiex LLC v. Orgel*, No. 3:26-cv-00034, 2026 WL 474869, at *7 (M.D. Tenn. Feb. 19, 2026). In the Southern District of Ohio action, the district court denied Kalshi's motion for a preliminary injunction and held that Kalshi is unlikely to succeed on the merits because sports-related event contracts are not swaps and neither field preemption nor conflict preemption applies. *KalshiEX, LLC v. Schuler*, No. 2:25-cv-1165, 2026 WL 657004, at *13-20 (S.D. Ohio Mar. 9, 2026). Kalshi appealed the Southern District of Ohio decision, and Tennessee appealed the Middle District of Tennessee decision. On April 15, 2026, Tennessee filed an unopposed motion to have the appeals submitted to the same merits panel and orally argued on the same day. *Orgel*, ECF No. 21. The Court granted the motion on April 27, 2026. *Id.*, ECF No. 22-2. On June 17, 2026, the Court formally consolidated the Kalshi

---

00710, ECF No. 41 (W.D. Mich. June 17, 2026). Polymarket filed its notice of appeal on the same day. *Id.*, ECF No. 42.

-4-

appeals for purposes of submission. *Id.*, ECF No. 56. Kalshi's Ohio Appeal will be fully briefed on June 25, 2026, and Kalshi's Tennessee Appeal will be fully briefed on July 8, 2026. Both appeals are currently scheduled for oral argument on July 30, 2026. *See Schuler*, ECF No. 35; *Orgel*, ECF No. 46. No panel has been publicly announced.

## **ARGUMENT**

Good cause exists for the Court to expedite this appeal to align with the oral argument currently scheduled for July 30, 2026 in the Kalshi appeals. *See* 6th Cir. R. 27(f) ("A party may move to expedite the appeal. The motion must show good cause to expedite."). Courts routinely expedite briefing and oral argument to allow for cases involving identical or related issues to be heard together or close in time to one another. *See, e.g.*, *Thomas More Law Ctr. et al. v. Obama*, No. 10-2388 (6th Cir. Feb. 8, 2011) (granting motion to expedite; plaintiffs had identified in their motion to expedite other courts of appeals that were considering the same legal issues as a basis to expedite); *Susan Seven-Sky v. Holder*, No. 11-5047 (D.C. Cir. Mar. 17, 2011) (same); *Rosenbrahn v. Daugaard*, No. 15-1186 (8th Cir. Feb. 3, 2015) (granting motion to expedite in order to hear a constitutional rights case at the same time as two other constitutional rights cases involving similar issues pending before the court). The Court should do the same here.

*First*, Kalshi's and Robinhood's appeals raise similar (and sometimes identical) issues.  If Robinhood's appeal is not briefed and heard on the same schedule as Kalshi's appeals, a decision in the Kalshi appeals may issue prior to Robinhood's appeal being heard.  That would deprive Robinhood (and Defendants-Appellees) of a meaningful opportunity to be heard by this Court on the same fundamental questions concerning the scope of the CEA's preemption of state law. *Denko v. I.N.S.*, 351 F.3d 717, 730 n.10 (6th Cir. 2003) ("'The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976))).

*Second*, it serves judicial economy to hear oral argument on Robinhood's appeal and Kalshi's appeals at the same time.  *Cf. Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Conservation of judicial resources is a laudable goal."). Here, there would be considerable conservation of judicial resources if Robinhood's and Kalshi's appeals are heard together, as this Court will be asked to consider overlapping, dispositive issues only once, rather than in serial appeals.  Indeed, the Court has already agreed to hear Kalshi's appeals together in apparent recognition of the overlapping issues.  *Orgel*, ECF No. 46; *Schuler*, ECF Nos. 35, 62.  The Ninth Circuit likewise recently consolidated for oral argument three appeals raising these issues. *See Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831, ECF No. 45.1

(9th Cir. Feb. 26, 2026); *KalshiEX, LLC v. Hendrick*, No. 25-7516, ECF No. 75.1 (9th Cir. Feb. 26, 2026); *North American Derivatives Exchange, Inc. d/b/a Crypto.com | Derivatives North America v. Nevada*, No. 25-7187, ECF No. 40.1 (9th Cir. Feb. 26, 2026).  If the Court does not expedite briefing and hear oral argument on the appeals together, a different panel may be forced to repeat the work of the first panel.  While Robinhood's appeal will present some unique issues, such issues are closely related to the issues raised in Kalshi's appeals and should therefore be considered by the panel that will decide Kalshi's appeals, so that the panel has the opportunity to consider all relevant arguments when deciding the scope of CEA preemption and the legality of offering event contract trading in this Circuit. Consolidation would therefore promote judicial efficiency and avoid repetitive presentation of overlapping legal issues.

*Third*, if Robinhood's motion to expedite were granted, there would be no prejudice to Defendants in this appeal, as Defendants have already briefed these issues extensively in multiple cases.  *See QXC LLC v. Nessel*, No. 26-cv-00710 (W.D. Mich.); *Coinbase Fin. Mkts., Inc. v. Nessel*, No. 25-cv-14092-SDK (E.D. Mich.).  Defendants are thus well-positioned to brief them again on an expedited timeline here.  The potential inconvenience to Defendants of an expedited briefing schedule is outweighed by the risk of a decision being rendered on the relevant issues

before the parties (including Defendants) to this case are heard and their arguments are considered by the Court.

Robinhood is prepared to brief the issues on an expedited schedule and proposes the following schedule:

- Robinhood will file its principal brief within 7 days of an order granting this motion;

- Defendants will file their response brief 14 days after Robinhood files its principal brief;

- Robinhood will file its reply brief 5 days after Defendants file their response brief; and

- Oral argument may be held on July 30, 2026 (together with Kalshi's appeals).[3]

---

[3] Robinhood recognizes that the Court seeks to hear argument on the Kalshi appeals "as soon as is practicable," *Schuler*, ECF No. 22-2, and has proposed a briefing schedule to accommodate the scheduled July 30, 2026 oral argument date. However, to the extent the Court determines that it wishes to hear Robinhood's and Kalshi's appeals together but believes there is insufficient time for adequate briefing, Robinhood does not oppose hearing this appeal with Kalshi's appeals at a future sitting.

## CONCLUSION

Robinhood respectfully requests the Court expedite this appeal and consolidate it with Kalshi's appeals for purposes of oral argument and submission to the same panel for the reasons set forth herein.

Respectfully submitted,

Dated:  June 23, 2026

By:   */s/ Andrew Goetz*

MILLER JOHNSON
Andrew Goetz (P71410)
500 Woodward Avenue, Suite 3600
Detroit, MI 48226
goetza@millerjohnson.com
(313) 435-2292

CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (NY 2784817)
aryan@cravath.com
Kevin J. Orsini (NY 4261806)
korsini@cravath.com
Brittany L. Sukiennik (NY 5025879)
bsukiennik@cravath.com

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000+

-9-

## <u>CERTIFICATE OF COMPLIANCE</u>

I am counsel for Plaintiff-Appellant. Pursuant to Fed. R. App. P. 32(g), I certify that:

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,864 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Office Word 2016 in Times New Roman 14-point font.

 */s/ Andrew Goetz*
Andrew Goetz

-10-

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on June 23, 2026. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ *Andrew Goetz*
Andrew Goetz