No. 26-1542

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROBINHOOD DERIVATIVES, LLC

      Plaintiff - Appellant,

v.

DANA NESSEL, in her official capacity as Attorney General of
Michigan; JIM ANANICH, in his official capacity as Board Chair of the
Michigan Gaming Control Board; JONI M. THROWER DAVIS, in her
official capacity as Member of the Michigan Gaming Control Board;
ANDREW T. PALMS, in his official capacity as Member of the Michigan
Gaming Control Board; DEIDRE A. LAMBERT-BOUNDS, in her
official capacity as Member of the Michigan Gaming Control Board;
MARK EVENSON, in his official capacity as Member of the Michigan
Gaming Control Board; HENRY WILLIAMS, in his official capacity as
Executive Director of the Michigan Gaming Control Board

      Defendants - Appellees

---

### DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFF-APPELLANT'S MOTION TO EXPEDITE AND CONSOLIDATE APPEAL

Pursuant to Rule 27(a)(3)(A) of the Federal Rules of Appellate

Procedure and leave granted by this Court on June 24, 2026,

Defendants-Appellees submit this response to Plaintiff-Appellant's June

23, 2026 Motion to Expedite and Consolidate Appeal.  (Dkt. No. 3.)  The

Court should deny the Motion to expedite briefing in this appeal "on such a timeline that oral argument may be heard on July 30, 2026." (*Id.* at 3.)

Further, the Court should deny Plaintiff-Appellant's separate request to consolidate oral argument in this case with argument in *KalshiEx LLC v. Schuler*, No. 26-3196 (6th Cir. filed March 11, 2026) and *KalshiEx LLC v. Orgel*, No. 26-5235 (6th Cir. filed March 23, 2026).

Defendants-Appellees take no position with respect to Plaintiff-Appellant's request to have the appeal in this case submitted to the same appellate panel assigned to the two KalshiEx LLC appeals— provided, however, that such submission does not result in the *hyper*-expedited briefing schedule requested by Plaintiff-Appellant.

Finally, Defendants-Appellees dispute, and do not concede, the merits arguments Plaintiff-Appellant raises in its Motion, but do not address those arguments in this response because they are beyond the scope of the limited relief Plaintiff-Appellant currently seeks. Defendants-Appellees reserve their right to respond to those arguments in their merits briefing.

## ARGUMENT

Sixth Circuit Rule 27(f) provides, in part, that motions seeking to expedite appeals "must show good cause to expedite." 6th Cir. R. 27(f). Plaintiff-Appellant makes three arguments in support of its good cause claim, none of which establishes the need for expedited briefing in this case. The Court should therefore deny Plaintiff-Appellant's Motion.

## I.   Plaintiff-Appellant has failed to establish good cause for expediting briefing.

Plaintiff-Appellant argues that if its "appeal is not briefed and heard on the same schedule as Kalshi's appeals, a decision in the Kalshi appeals *may* issue prior to Robinhood's appeal being heard. That would deprive Robinhood . . . of a meaningful opportunity to be heard by this Court on the same fundamental questions concerning the scope of the CEA's preemption of state law." (Dkt. No. 3 at 8 (emphasis added).) This argument fails for four reasons.

First, Plaintiff-Appellant's suggestion that this Court "may" issue decisions in two appeals dealing with similar issues filed close in time to one another is nothing more than a guess. It is just as likely—and probably more likely—that this Court would wait to issue a decision in one appeal that could bear on the decision in a second appeal filed, for

3

all practical purposes, at the same time.  Unsupported speculation about this Court's discretionary scheduling decisions does not amount to good cause.

Second, even if this Court were to decide the Kalshi appeals prior to arguments in this appeal, it does not follow that Robinhood would be "deprive[d] . . . of a meaningful opportunity to be heard."  Plaintiff-Appellant would still have the opportunity to argue its appeal no matter what the outcome of the Kalshi appeals.  Plaintiff-Appellant is confusing the right to be heard with its desire to be free from the implications of an adverse appellate decision issued before that hearing takes place.  While Plaintiff-Appellant may be entitled to the former, neither it nor any other party is entitled to the latter.

Third, Plaintiff-Appellant's own conduct belies the urgency it now asserts.  On April 24, 2026, this Court denied Kalshi's motion for an injunction pending appeal, expedited the Kalshi appeals, ordered Kalshi's brief due May 5 and the State's due June 4, and directed that the matter be assigned to a merits panel as soon as possible.  (See Order, *KalshiEx LLC v. Schuler*, No. 26-3196, Doc. 26-2, p 16 (6th Cir. April 24, 2026).)  Plaintiff-Appellant thus had clear notice—more than

4

two months ago—that this Court was moving expeditiously on the very appeals it now fears may be decided before it is heard.  Yet just days later, Plaintiff-Appellant itself sought to enlarge its briefing time below.  A party that genuinely feared "a decision being rendered on the relevant issues before [it is] heard" (Dkt. No. 3 at 9-10) does not respond to that risk by asking to double its own briefing time.  Plaintiff-Appellant cannot manufacture the very urgency it created, and its earlier request for more time confirms what Defendants-Appellees explain below—the questions presented in this case are complex and warrant a normal briefing schedule, not an expedited one.

Finally, none of Plaintiff-Appellant's arguments provides good cause for expediting the *briefing* in this appeal.  To the contrary, if the Court is persuaded that the Kalshi appeals and this appeal should be consolidated for *oral argument*, then the most logical schedule would be one that postpones *argument* in the consolidated matters until briefing on all related appeals is complete.  This is especially true in this case, which deals with the interpretation of a complex federal statute and the equally complex relationship of that statue to a state's statutory scheme.  A normal briefing schedule in such a case is necessary to allow

5

the parties sufficient time to fully develop and present their arguments on appeal.[1]

## II.    Defendants-Appellees would be prejudiced by expedited briefing.

Plaintiff-Appellant also argues that if its "motion to expedite were granted, there would be no prejudice to Defendants in this appeal" because "Defendants have already briefed these issues extensively in multiple cases." (Dkt. No. 3 at 7.) But until Plaintiff-Appellant files its appellant's brief there is no way for Defendants-Appellees (or the Court) to know what issues it will raise; perhaps the issues will track those made in the district court, and perhaps not. Defendants-Appellees would be significantly prejudiced if Plaintiff-Appellant decided to change tack in its appellate briefing after the Court had shortened Defendants-Appellees' time to respond.

---

[1]Plaintiff-Appellant's argument about "conservation of judicial resources" fails to persuade for the same reason. (Dkt. No. 3 at 8-9.) This Court's resources would in no way be conserved by an expedited *briefing* schedule in this appeal. Even if the Kalshi appeals were heard at the same time as this appeal, the Court would still be presented with—and required to read—separate briefs in all three cases. If anything, a shorter briefing schedule in this case would require the Court to do the same amount of work in a shorter time-period, thereby straining, rather than conserving, its resources.

More to the point, the 14-day deadline for Defendants-Appellees to file their appellate brief in a case as complex as this is inherently prejudicial. As discussed above, the preemption issues raised in this case are unique, and Defendants-Appellees require time to properly develop them in their briefing. At the same time, as also discussed above, Plaintiff-Appellant has failed to provide the Court with any explanation of how *it* would be prejudiced if the Court were to adhere to a normal briefing schedule. Defendants-Appellees submit that impatience does not provide good cause; Plaintiff-Appellant's mere wish to rush its appeal through this Court so it can get on with its appeal to the U.S. Supreme Court does not satisfy the requirements of Rule 27(f).

## <u>CONCLUSION</u>

For the foregoing reasons Defendants-Appellees request that the Court deny Plaintiff-Appellant's Motion to Expedite and Consolidate Appeal (Dkt. No. 3) in its entirety and grant any additional relief the Court deems appropriate.

Respectfully Submitted,

s/Lauren E. Fitzsimons
Lauren E. Fitzsimons (P82997)
Felepe H. Hall (P59533)
Jason A. Geissler (P69322)
Assistant Attorneys General
Attorneys for Defendants-Appellees
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
(517) 241-0210

Dated: June 29, 2026

CERTIFICATE OF SERVICE

I certify that on June 29, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record (designated below).

<div style="margin-left: 40%;">

s/Lauren E. Fitzsimons
Lauren E. Fitzsimons (P82997)
Felepe H. Hall (P59533)
Jason A. Geissler (P69322)
Assistant Attorneys General
Attorneys for Defendants-Appellees
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
(517) 241-0210

</div>