**Case No: 26-1542**

*In the*
**United States Court Of Appeals**
*For the*
**Sixth Circuit**

ROBINHOOD DERIVATIVES, LLC,
Plaintiff-Appellant,

v.

DANA NESSEL, in her official capacity as
Attorney General of Michigan; JIM ANANICH, in
his official capacity as Board Chair of the Michigan
Gaming Control Board; JONI M. THROWER
DAVIS, in her official capacity as Member of the
Michigan Gaming Control Board; ANDREW T.
PALMS, in his official capacity as Member of the
Michigan Gaming Control Board; DEIDRE A.
LAMBERT-BOUNDS, in her official capacity as
Member of the Michigan Gaming Control Board;
MARK EVENSON, in his official capacity as
Member of the Michigan Gaming Control Board;
and HENRY WILLIAMS, in his official capacity as
Executive Director of the Michigan Gaming Control
Board,
Defendants-Appellees.

_____

On Appeal From The United States District Court
For The Western District of Michigan
Honorable Paul L. Maloney
Civil Case No. 1:26-cv-00730

**REPLY IN SUPPORT OF PLAINTIFF-APPELLANT
ROBINHOOD'S MOTION TO EXPEDITE AND
CONSOLIDATE APPEAL**

-1-

MILLER JOHNSON
Andrew Goetz (P71410)
500 Woodward Avenue, Suite 3600
Detroit, MI 48226
goetza@millerjohnson.com
(313) 435-2292

CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (NY 2784817)
Kevin J. Orsini (NY 4261806)
Brittany L. Sukiennik (NY 5025879)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
aryan@cravath.com
korsini@cravath.com
bsukiennik@cravath.com

*Attorneys for Plaintiff-Appellant*

There is good cause for the Court to expedite this appeal to align with the oral argument currently scheduled for July 30, 2026 in the two Kalshi-related appeals (No. 26-3196 and 26-5235).  Robinhood responds here to the Opposition from Defendants-Appellees (hereinafter "Michigan") in this appeal (ECF No. 7) and the Opposition from Kalshi (No. 26-3196, ECF No. 69) and notes the motion for expedition filed by QCX LLC ("Polymarket") in its related appeal (No. 26-1552, ECF No. 5).

## ARGUMENT

### I.  Robinhood Has Established Good Cause for Expedited Briefing.

*First*, Michigan argues Robinhood's Motion is premised on a "guess" that the Court will decide the Kalshi appeals prior to argument in Robinhood's appeal.  (ECF No. 7 at 3.)  Michigan misconstrues the basis for Robinhood's Motion.  Robinhood is not predicting the Court's order of operations; rather, Robinhood's Motion seeks to prevent any risk that the Court decides the Kalshi appeals without considering Robinhood's arguments, which would deprive the Court of the benefit of Robinhood's input and would deprive Robinhood of a meaningful opportunity to be heard.

*Second*, Michigan contends that deciding the Kalshi appeals before the argument in Robinhood's appeal will not deprive Robinhood of an opportunity to be heard.  Not so.  Michigan does not contest that Robinhood's appeal and the Kalshi-

related appeals present overlapping legal issues—indeed, Michigan suggests the Court may decide to hold Robinhood's appeal until after decision in the Kalshi appeals. (ECF No. 7 at 3-4.) Nor does Michigan deny that the decision in the Kalshi appeals may directly affect Robinhood's business activity. Moreover, in addition to these overlapping legal issues, Robinhood's appeal presents certain arguments not covered by Kalshi's briefs. Indeed, Robinhood seeks to expedite briefing in this appeal precisely to avoid the possibility that the Court will decide common legal issues that may directly affect Robinhood's business activity without consideration of the full scope of relevant legal arguments, including those presented by Robinhood.

*Third*, Defendants argue that Robinhood "manufacture[d]" urgency, pointing to Robinhood's request for an extension to file its reply in support of its motion for a preliminary injunction in the lower court proceedings. (ECF No. 7 at 5.) Robinhood requested that brief extension of time below in furtherance of judicial efficiency because the district court was already considering a similar extension in a parallel case brought by Polymarket, *see QCX LLC v. Nessel*, No. 26-cv-00710, ECF No. 27 (W.D. Mich. Apr. 29, 2026), *appeal filed*, No. 26-1552 (6th Cir. June 25, 2026), and to respond to requests by two non-parties to submit amicus briefs in support of Michigan, *see Robinhood Derivatives, LLC v. Nessel*, No. 26-cv-00730, ECF No. 26 (W.D. Mich. Apr. 27, 2026); *id.*, ECF No. 27 (W.D. Mich.

-2-

Apr. 28, 2026).  Rather than causing delay, this helped the district court reach an expeditious decision on Robinhood's and Polymarket's motions for preliminary injunctions.

*Fourth*, Defendants suggest that Robinhood's motion provides good cause for consolidation, but not for expedited briefing.  An appeal from an order denying a motion for preliminary injunction is automatically subject to an expedited briefing schedule.  *See* 6th Cir. R. 31(c)(2).  Robinhood's proposed expedited briefing schedule presents the fastest resolution of all related appeals (those by Kalshi in No. 26-3196, Tennessee in No. 26-5235, Robinhood in No. 26-1542 and Polymarket in No. 26-1552).  Moreover, this Court directed Kalshi's appeals to "be submitted to the court as soon as is practicable."  No. 26-3196, ECF No. 62.  The most efficient way forward while balancing these competing interests is to expedite Robinhood's appeal such that it can be heard with the argument in the Kalshi appeals on July 30, 2026.[1]

---

[1] Defendants also argue that expedited briefing and consolidation would undermine judicial resources because it would require the Court to read "separate briefs in all three cases."  (ECF No. 7 at 6.)  Defendants overlook the reality that requiring this Court to consider Robinhood's appeal at a separate sitting would impose a significant additional burden.

## II.    Michigan Will Not Be Prejudiced by Expedition.

Michigan also argues that it will suffer prejudice from being required to brief a complex case on an expedited timeline.  Michigan overlooks that it has extensively briefed these issues across multiple cases—the preliminary injunction briefing in Robinhood's and Polymarket's cases in the district court below, as well as Coinbase's case in the Eastern District, *Coinbase Fin. Mkts., Inc. v. Nessel*, No. 25-cv-14092-SDK (E.D. Mich.).  These cases present overlapping issues, so Michigan is prepared to brief this appeal on an expedited basis.

Michigan's claim that "until [Robinhood] files its appellant's brief there is no way for Defendants-Appellees (or the Court) to know what issues it will raise" makes no sense. (ECF No. 7 at 6.)  Robinhood's appeal is limited to the scope of the proceedings below.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008) (explaining that "an argument not raised before the district court is waived on appeal to" the Sixth Circuit).

## III.    Kalshi Will Not Be Prejudiced by Expedition in This Appeal.

Kalshi filed an Opposition indicating that it "opposes any consolidation that would delay this Court's consideration of [the Kalshi appeals] or diminish Kalshi's argument time."  No. 26-3196, ECF No. 69.  Kalshi misconstrues Robinhood's Motion.  As noted above, Robinhood does not seek to delay oral argument beyond July 30, 2026, nor does it seek to reduce Kalshi's time at oral argument.

Robinhood's request is that its appeal should be briefed on an expedited basis so that it can be heard together with the Kalshi appeals on July 30, 2026, and Robinhood has taken no position as to Kalshi's oral argument time, which is soundly within the Court's discretion. Robinhood's proposed briefing schedule in this appeal does not disturb Kalshi's oral argument date and would not prejudice Kalshi. Robinhood believes this is the most efficient and expeditious way to resolve the issues raised by the appeals.

Robinhood did note in a footnote in its Motion that to the extent the Court may determine it wishes to consolidate the appeals but believes there is inadequate time for briefing before July 30, Robinhood advised the Court that it would not oppose an extension of the argument date for all appeals if necessary. (ECF No. 3 at 8.) Robinhood is aligned with Kalshi in seeking a decision of these issues as soon as possible. To be sure, a slight extension of Kalshi's July 30 argument date, if the Court determines that is necessary to hear all related appeals together, would not prejudice Kalshi. But Robinhood respectfully requests that the Court schedule joint argument in all related appeals as soon as convenient for the Court.

### IV.   Polymarket's Motion for Expedition Confirms Robinhood's Position.

Robinhood is not alone in its belief that the Court should hear all related appeals together. Polymarket argues in its motion to expedite that "[c]oordinating

briefing and oral argument will permit the Court to consider overlapping legal issues together rather than through separate rounds of briefing and argument." No. 26-1552, ECF No. 5 at 4-5. Polymarket also correctly underscores that Defendants-Appellees "will not be unduly prejudiced by an expedited briefing schedule" because "[t]hey have already fully litigated these issues in the district court and are defending substantially similar claims in related litigation." *Id.* at 5.

To the extent Robinhood's motion is granted, Robinhood supports argument of Polymarket's appeal together with Robinhood's appeal and the Kalshi appeals.

## **CONCLUSION**

Robinhood respectfully requests the Court expedite this appeal and consolidate it with Kalshi's appeals for purposes of oral argument and submission to the same panel for the reasons set forth herein.

Respectfully submitted,

Dated:  June 29, 2026

By:  */s/ Andrew Goetz*

MILLER JOHNSON
Andrew Goetz (P71410)
500 Woodward Avenue, Suite 3600
Detroit, MI 48226
goetza@millerjohnson.com
(313) 435-2292

CRAVATH, SWAINE & MOORE LLP
Antony L. Ryan (NY 2784817)
aryan@cravath.com
Kevin J. Orsini (NY 4261806)
korsini@cravath.com
Brittany L. Sukiennik (NY 5025879)
bsukiennik@cravath.com

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000

-8-

## CERTIFICATE OF COMPLIANCE

I am counsel for Plaintiff-Appellant. Pursuant to Fed. R. App. P. 32(g), I certify that:

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,250 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Office Word 2016 in Times New Roman 14-point font.

*/s/ Andrew Goetz*
Andrew Goetz

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on June 29, 2026. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

 */s/ Andrew Goetz*
Andrew Goetz